No. 670. ST. JOE PAPER CO. ET AL. *v.* ATLANTIC COAST LINE RAILROAD CO.;

No. 702. LYNCH ET AL. *v.* ATLANTIC COAST LINE RAILROAD CO.;

No. 705. AIRD ET AL., TRUSTEES, *v.* ATLANTIC COAST LINE RAILROAD CO.; and

No. 710. WELBON ET AL. *v.* ATLANTIC COAST LINE RAILROAD CO. C. A. 5th Cir. Certiorari granted limited to question "I" presented by the petition for writ of certiorari in No. 670, *i. e.:*

"I. It being clear that Section 77 of the Bankruptcy Act, as enacted in 1933, did not authorize the Interstate Commerce Commission to present a plan of reorganization of a railroad involving a 'forced' merger of the debtor Railway with another railroad, the question is whether amendments to the 1933 Act, made in 1935, do authorize forced mergers.

"The Act of 1933 for railroad reorganizations in bankruptcy contained in subdivision (b) a so called consistency clause which qualified the powers of the Commission in respect of mergers, by expressly providing that a merger would have to be brought about by compliance with *'provisions'* of the Interstate Commerce Act which allowed mergers *only* if requested and agreed to by the carrier and then approved by the Commission, after notice to the Governors of the states, and after hearing communities and shippers served by the carriers. This 'consistency' provision in this legislation was repeated in

subd. (e) of the 1933 Act, where it was said that transfers of property or consolidations or mergers may be made 'to the extent contemplated by the plan *consistent with the purposes* of the Interstate Commerce Act as amended'. It will be noted that the clause in (b) used the word 'provisions' and the clause in (e) used the word 'purposes'. By amendments in 1935 these two 'consistency' clauses were consolidated and transplanted from (b) and (e) to subdivision (f).

"In the 1935 Act, subd. (f), the clause allowing transfer and mergers had the qualification 'to the extent contemplated by the plan' and 'not inconsistent with the provisions and purposes of Chapter 1 of Title 49 as on August 27, 1935 or thereafter amended.'

"The narrow question is therefore whether the mere transfer of the 'consistency' clauses from subdivisions (b) and (e) to subdivision (f) altered the meaning of the clauses and gave to the Interstate Commerce Commission a power to force mergers, which was withheld from it under the Act of 1933."

*William D. Mitchell* and *Edward E. Watts, Jr.* for petitioners in No. 670. With them on the petition were *Harold J. Gallagher, Walter H. Brown, Jr.* and *James B. McDonough, Jr.* for the Seaboard Air Line Railroad Co., *Clarence M. Mulholland* and *Edward J. Hickey, Jr.* for the Railway Labor Executives Association, *Sidney S. Alderman* and *Henry L. Walker* for the Southern Railway System, and *Henry P. Adair* and *Donald Russell* for the Trustees under duPont Will, also petitioners in No. 670. *J. Turner Butler, Fred N. Oliver* and *Willard P. Scott* for petitioners in No. 702. *Clifton S. Thomson* for petitioners in No. 705. *Miller Walton* for petitioners in No. 710. *Edward W. Bourne, Charles Cook Howell, Richard B. Gwathmey* and *Charles Cook Howell, Jr.* for respondent.